COPY

FILED

11 APR 27 PM 2:59

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:___

1  FRANCIS M. GREGOREK (144785)
   gregorek@whafh.com
2  BETSY C. MANIFOLD (182450)
   manifold@whafh.com
3  RACHELE R. RICKERT (190634)
   rickert@whafh.com
4  WOLF HALDENSTEIN ADLER
     FREEMAN & HERZ LLP
5  750 B Street, Suite 2770
   San Diego, CA 92101
6  Telephone:  619/239-4599
   Facsimile:  619/234-4599
7
8  JEFFREY G. SMITH (133113)
   smith@whafh.com
9  WOLF HALDENSTEIN ADLER
     Freeman & Herz LLP
10 270 Madison Avenue
   New York, New York 10016
11 Telephone:  212/545-4600
   Facsimile:  212/545-4653
12
13 Attorneys for Plaintiff and the [Proposed] Plaintiff Classes
14
15
16                    UNITED STATES DISTRICT COURT
                      CENTRAL DISTRICT OF CALIFORNIA
17
18 ELIOT COHEN, on behalf of himself     )  Case No. CV11- 03623 CBM(CWx)
   and all others similarly situated,    )
19                    Plaintiff,         )
20                                       )  CLASS AND COLLECTIVE
   v.                                    )  ACTION COMPLAINT
21                                       )
22 UBS FINANCIAL SERVICES,               )  DEMAND FOR JURY TRIAL
   INC., UBS AG and JOHN DOES 1-         )
23 50,                                   )
24                    Defendant.         )
25 _____      )
26
27
28

Plaintiff Eliot Cohen, by his attorneys, alleges this class action complaint for himself and on behalf of all others similarly situated, based upon: (i) his own personal knowledge; (ii) his own acts and the acts and statements of the above-named Defendants UBS Financial Services, Inc. and UBS AG in which Plaintiff participated directly, including the communications with, representations made, and documentation and information provided to Plaintiff by Defendants in the ordinary course of business; and (iii) the investigation of his counsel. Counsel's investigation conducted on Plaintiff's behalf included, among other things: (i) an analysis of publicly-available news articles and reports; (ii) a review and analysis of public filings, including but not limited to any by Defendants; and (iii) other matters of public record. The allegations as to all other matters are based upon investigation by Plaintiff's attorneys and research of the applicable law with respect to the claims asserted herein.

## NATURE OF THE ACTION

1.    Plaintiff brings this lawsuit as a collective action under the Federal Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* (the "Collective Claim") and as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all other persons similarly situated (the "Class Claim") who suffered damages as a result of Defendants' violations of the FLSA and of the Labor Laws of the State of California.

2.     The persons Plaintiff seeks to represent are: current and former Financial Advisors (sometimes referred to as "Financial Consultants", and also known as, and sometimes referred to herein as, "Securities Brokers"), and/or financial advisor trainees who are or have been employed by Defendants in California, and who are and/or were: (1) employed by Defendants on a commission or salary basis, and to whom Defendants failed to pay overtime for work performed in excess of 40 hours per week as required by law; (2) subjected to unlawful deductions from their pay by Defendants; (3) unlawfully compelled to pay for Defendants' business expenses; (4) unlawfully charged back for commissions and/or the actual value of stock or other losses allegedly caused by them through simple negligence or through no fault of their own; (5) unlawfully denied meal periods and/or rest periods as required by law; and/or (6) unlawfully denied payment of all wages due by the regular payday for the pay period during which the Financial Advisor's termination, suspension or cessation of employment took place.    The positions in which the persons identified in this paragraph were employed by Defendants are collectively referred to herein as "Covered Positions."

3.     The groups and classes that Plaintiff seeks to represent are:

a.     the "Federal Collective Group" consisting of all individuals who were or are employed by Defendants in Covered Positions in the United States (including the District of Columbia and Puerto Rico) at any time since April 27,

1    2008, and who timely opt-in to any such collective group (the "Federal Eligibility

2    Period"); and

3

4              b.    the "California Class" that consists of all individuals employed

5    by Defendants in Covered Positions in the State of California at any time since April

6    27, 2007 (the "Class Period").

7

8         4.    Defendants violated Section 207 of the FLSA, 29 U.S.C. § 207, by not

9    paying the Federal Collective Group overtime pay for a work week longer than forty

10   (40) hours.

11

12        5.    Defendants violated the rights of the California Class under the

13   California Labor Code ("Cal. Lab. Code") and the California Unfair Competition

14   Law ("Cal. Bus. & Prof. Code") as follows:

15

16             a.    Defendants violated Cal. Lab. Code § 510(a) and Cal. Bus. &

17   Prof. Code § 17200 which require employers to pay non-exempt employees

18   overtime at the rate of one and one-half times the employee's regular salary for all

19   hours worked in excess of forty (40) hours in any given work week;

20

21             b.    Defendants violated Cal. Lab. Code §§ 203, 204, 406, and 2802

22   by impermissibly deducting monies from the wages of certain California Class

23   members and/or requiring California Class members to pay for support staff and

24   other overhead expenses and/or reversed trades and losses claimed by Defendants'

25   customers;

26

27

28

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

c.    Defendants violated Cal. Lab. Code §§ 226.7 and/or 512 by failing to consistently provide meal and/or rest periods to the California Class Members; and

d.    Defendants violated Cal. Lab. Code § 203 by failing to pay certain terminated, suspended and/or resigned California Class members all wages no later than the regular payday for the pay period during which the termination, suspension and/or resignation occurred.

6.    As a result of Defendants' violation of the FLSA and California labor laws, Plaintiff and the members of the Federal Collective Group and the California Class were illegally and grossly under-compensated for their work.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1331, federal question jurisdiction; 28 U.S.C. § 1332(d), the Class Action Fairness Act; and 28 U.S.C. § 1367, supplemental jurisdiction of state law claims.

8.    Venue is proper under 28 U.S.C § 1391(b)(1) because Defendants maintain offices in the Central District of California and transact business, have agents, and are otherwise within this Court's jurisdiction for purposes of service of process, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or

omissions giving rise to the claim occurred in this district.  Plaintiff is also a resident of this district.

## PARTIES

9.    Plaintiff Eliot Cohen is a resident of Los Angeles County, California.

10.    During the Federal Eligibility Period and the Class Period Plaintiff was employed in a Covered Position by Defendants.  Plaintiff's primary duty as an employee of Defendants was the sale of financial products to his individual clients.

11.    Plaintiff is not a "professional" as defined by 29 C.F.R. § 541.300(a) or by Industrial Welfare Commission ("IWC") Wage Order No. 4-2001; nor did Plaintiff perform executive or administrative functions as defined by 29 C.F.R. § 541.200(a) or IWC Wage Order No. 4-2001.

12.    During the Federal Eligibility and Class Periods Defendant UBS AG was organized as an Aktiengesellschaft ("AG") under Swiss company law with headquarters in Zurich and Basel, Switzerland.  UBS AG is the parent company of UBS Financial Services, Inc., a Delaware corporation (together, "UBS").

13.    The corporate headquarters of UBS Financial Services, Inc. is located at 1285 Avenue of the Americas, New York, NY 10019.

14.    UBS Financial Services, Inc. is a broker dealer which represents the U.S. business interests of UBS AG's wealth Management Americas segment.  The client-facing organization consists of the branch network in the United States,

Puerto Rico and Canada, with 7,084 financial advisors. As of December 31, 2009, the business division had $750 billion in invested assets.

## COLLECTIVE ACTION ALLEGATIONS

15.    Plaintiff brings this action on behalf of himself and the Federal Collective Group pursuant to FLSA § 216(b).

16.    Plaintiff is informed and believes that UBS has several thousand employees in Covered Positions in the United States, including the District of Columbia and Puerto Rico, in the Federal Collective Group and believes that the total number of employees in Covered Positions in the Federal Collective Group during the Federal Eligibility Period exceeds that amount.

17.    Plaintiff is similarly situated to the other members of the Federal Collective Group because they all (a) worked for Defendants in Covered Positions during the Federal Eligibility Period; (b) functioned exclusively or primarily as inside sales persons; (c) had limited or no administrative responsibilities; (d) were not and are not professionals within the meaning of the FLSA; and (e) worked overtime hours without receiving overtime compensation. As a result, there are questions of law and fact common to Plaintiff and the Federal Collective Group, and Plaintiff therefore has a well-defined community of interest with, and is an adequate representative of, the Federal Collective Group.

18.    The following questions of law and fact common to the Federal

Collective Group predominate over questions which may affect only individual members of the Federal Collective Group:

a.      Whether Defendants failed to adequately compensate the members of the Federal Collective Group for overtime hours worked as required by the Fair Labor Standards Act, 29 U.S.C. § 207, because Plaintiff and the members of the Federal Collective Group are not exempt employees under the Fair Labor Standards Act;

b.      Whether the members of the Federal Collective Group have been damaged and, if so, the extent of such damages; and

c.      Whether Defendants willfully violated the FLSA and, if so, the extent of damages associated with such willful violation.

## CLASS ACTION ALLEGATIONS

19.     Plaintiff also brings this action on behalf of himself and the California Class, pursuant to Fed. R. Civ. P. 23.

20.     Plaintiff is informed and believes that there are several thousand members of the California Class.  Thus, the California Class is so numerous that joinder is impractical.

21.     There are questions of law and fact common to the Plaintiff and the other members of the California Class.  Therefore, the Plaintiff is similarly situated to the other members of the California Class and is an adequate representative of the

California Class.

22.    The following questions of law and fact are common to the California Class and predominate over questions which may affect only individual members of the California Class:

a.    Whether Defendants failed to adequately compensate the members of the California Class for overtime hours worked as required by the Labor Laws of California under Cal. Lab. Code § 510(a);

b.    Whether Defendants wrongfully deducted monies from the wages of the members of the California Class and/or otherwise required members of the California Class to pay for support staff and other overhead expenses and/or reversed trades and/or losses claimed by Defendants' customers in violation of the Labor Laws of California under Cal. Lab. Code §§ 203, 204, 406, and 2802;

c.    Whether Defendants violated Cal. Lab. Code §§ 226.7 and/or 512, which provides that an employee must be provided meal and rest periods;

d.    Whether Defendants violated Cal. Lab. Code § 203, which provides that when an employee is discharged or terminates employment for any reason, the employer must pay the employee all wages due no later than the regular payday for the pay period during which the employee's termination, suspension or cessation of employment took place, by failing to tender payment and/or restitution of wages owed or in the manner required by the Labor Laws of California, to the

California Class; and

        e.     Whether the members of the California Class have been damaged and, if so, the extent of such damages; whether the members of the California Class are entitled to penalties and, if so, the extent of such penalties; and whether Defendant is liable for damages resulting from acts of unfair competition, and, if so, the extent of such damages.

        23.    Plaintiff is asserting claims that are typical of the claims of the California Class. Plaintiff will fairly and adequately represent and protect the interests of the California Class and has no interests antagonistic to those of the other members of the California Class. Plaintiff has retained attorneys who are competent and experienced in the prosecution of class and collective action litigation.

        24.    Plaintiff and the other members of the California Class have suffered damages as a result of Defendants' wrongful conduct. Because of the size of the claims of the individual members of the California Class, few, if any, members of the California Class could afford to seek legal redress for the wrongs complained of herein. A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy between Plaintiff and the other members of the California Class, and Defendants.

## THE FACTS CONSTITUTING THE CLAIM

25.   Defendants sold and sell securities and other financial products with offices nationwide, including California.

26.   Plaintiff worked for Defendants as a financial advisor.

27.   Plaintiff was an inside sales person whom Defendants paid on a commission basis without any premium for overtime pay as required by law.

28.   Plaintiff's primary duties included contacting individuals who wished to purchase financial products, selling financial products to these individuals, assuring that client trades were successfully processed, and engaging in other activities to develop and service a book of business.  As a financial advisor, Plaintiff received a commission on sales.   Under federal law **and** California Law, compensation in the form of commissions is a "wage" for purposes of the overtime laws.

29.   In connection with his primary duty of selling financial products, Plaintiff met regularly with clients, often meeting for lunch or dinner for which Plaintiff paid and was not reimbursed by Defendants.

30.   Plaintiff did not engage in marketing activity aimed at promoting (*i.e.*, increasing, developing, facilitating, and/or maintaining) customer sales generally for Defendants.

31.   Defendants did not pay Plaintiff for hours worked above forty (40)

1    hours per week, as required by law.

2    32.    Plaintiff regularly worked in excess of forty (40) hours per week.

3
4    33.    Because of the time difference between the East and West coasts, it was

5    routine for Plaintiff to begin contacting his own clients and potential clients early in

6
7    the morning prior to the opening of the financial markets in New York.  Plaintiff

8    also worked to complete necessary paperwork for several hours following the close

9    of the financial markets.  This resulted in Plaintiff generally working in excess of
10
11    forty (40) hours each week.

12    34.    Plaintiff regularly attended meetings at his branch office after the office

13    closed for business.
14

15    35.    Defendants paid inside commission brokers solely on a forty (40) hours

16    per week basis, and failed to pay those members of the Federal Collective Group
17
18    and the California Class for overtime hours worked.

19    36.    Defendants knew that the normal course of conduct for Plaintiff and the
20
21    members of the Federal Collective Group and the California Class routinely

22    included working more than forty (40) hours per week.

23
24    37.    Defendants knew that it was not paying Plaintiff and the members of

25    the Federal Collective Group and the California Class for hours worked in excess of

26    forty (40) hours per week.
27

28    38.    With respect to Defendants' employees who were commission brokers

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

in the California Class, Defendants impermissibly and unlawfully deducted from employees' wages, or caused to be deducted from employees' wages, compensation for (among other things, but not limited to these items) the salary and other overhead associated with the broker's assistant, trading errors, messenger services and salary "increments" for other support personnel.

39.    Plaintiff paid for messenger services and overnight mail delivery in connection with servicing his clients and obtaining new clients without reimbursement by Defendants.

40.    Defendants knowingly denied Plaintiff and members of the California Class mandatory meal periods and rest periods, thereby enjoying a significant competitive edge over other securities brokerage firms.

41.    In addition, as a result of the improper reduction in compensation described herein, the pensions of members of the Federal Collective Group and the California Class were reduced since the level of pension depended upon the level of compensation.

42.    Members of the Federal Collective Group and the California Class who were "trainees" received a fixed salary.

43.    A trainee was an employee of the Defendants who was learning the business of selling financial products and was preparing to take certain examinations required of securities brokers.

44.     A trainee routinely remained in that position for approximately one to two years.  If after that time he or she did not have a sufficiently large book of business, he or she would lose his or her job.

45.     Trainees routinely arrived at work at about 7:00 a.m. EST and did not leave work until well after the 4:00 p.m. EST closing of the financial markets.

46.     In addition, trainees routinely worked during the evening hours and on Saturdays.

47.     Plaintiff and the members of the Federal Collective Group were not "professionals" and did not perform executive or administrative functions as defined by the FLSA.

48.     Plaintiff and the members of the California Class were not "professionals" as defined by 29 C.F.R. § 541.300(a) or by IWC Wage Order No. 4-2001, and did not perform executive or administrative functions as defined by 29 C.F.R. § 541.200(a) or IWC Wage Order No. 4-2001.

49.     Plaintiff and the other members of the Federal Collective Group were not, and are not, outside salesmen as defined in the FLSA since they performed their sales functions inside Defendants' offices.

**FIRST CAUSE OF ACTION**
**Restitution for Failure to Pay Overtime**
**(Federal Collective Group)**

50.     Plaintiff incorporates by reference all of the allegations of all prior

paragraphs as though fully set forth herein.

51.    Section 207(a)(1) of the FLSA provides in pertinent part:

Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

52.    Section 207(i) of the FLSA provides an exemption from the above provision for retail or service establishments.  The Section 207(i) exemption does not apply to the Federal Collective Group herein because brokerage houses do not qualify as "retail or service establishments."

53.    Section 213(a)(1) of the FLSA provides an exemption for employees in executive, administrative or professional capacities.

54.    The Section 213(a)(1) exemption for executive or administrative personnel does not apply to members of the Federal Collective Group since they were not responsible for the supervision of Defendants' other employees and since their primary duty is selling securities and other financial products to their individual clients.

55.    The Section 213(a)(1) exemption for employees employed in a professional capacity is inapplicable to Plaintiff and other members of the Federal

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Collective Group because securities brokers who receive compensation in the form of commission are not employed in a bona fide professional capacity.

56.    The status of a securities broker is not a recognized profession in a field of science or learning, and the skills are acquired through experience, an apprenticeship, and the passage of a series of exams through self-study rather than at any institution of higher learning.

57.    There is no generally recognized advanced degree from an institution of higher academic learning related to work as a securities broker, and even if there were, it is not generally required to have such a degree in order to become a financial advisor employee of Defendants.

58.    Section 213(a)(1) also provides an exemption for employees employed in the capacity of outside salesperson.  This exemption does not apply in this case because neither Plaintiff nor the members of the Federal Collective Group were, or are, outside salespersons.

59.    The outside salesman exemption does not apply to Plaintiff and the other members of the Federal Collective Group because they were not customarily and regularly engaged in making sales away from Defendants' places of business.

60.    There are no other exemptions applicable to Plaintiff and members of the Federal Collective Group.

61.    For purposes of the FLSA, the employment practices of Defendants

1
2
3
4

were and are uniform throughout the United States (including the District of Columbia and Puerto Rico), and material in all respects to the claims asserted in this Complaint.

5
6
7
8

62.    As a result of Defendants' failure to pay overtime, Plaintiff and the members of the Federal Collective Group were damaged in an amount to be proven at trial.

9
10
11
12
13
14

63.    In committing the wrongful acts alleged to be in violation of the FLSA, Defendants acted willfully in that they knowingly, deliberately and intentionally failed to pay overtime to Plaintiff and the other members of the Federal Collective Group.

15
16
17
18
19

64.    Therefore, Plaintiff demands that he and the members of the Federal Collective Group be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not compensated, plus liquidated damages, interest and attorneys' fees as provided by law.

20
21
22

**SECOND CAUSE OF ACTION**
**Restitution for Failure to Pay Overtime**
**(California Class)**

23
24
25

65.    Plaintiff incorporates by reference all of the allegations of all prior paragraphs as though fully set forth herein.

26
27
28

66.    At all times herein relevant, the applicable California Labor Code provisions and IWC Wage Orders referenced herein applied to Plaintiff's and

California Class members' employment with Defendants.

67.    Plaintiff and all other members of the California Class employed by Defendants during the Class Period regularly work more than forty (40) hours per week, and were, or are, compensated on either: (i) a straight commission basis with no base salary, or (ii) entirely on salary, in either case with no premium pay for hours worked in excess of forty (40) hours per week.    The precise number of overtime hours will be proven at trial.

68.    During the Class Period Defendants refused to compensate Plaintiff and the California Class members for some or all of the overtime wages earned in violation of applicable Wage Orders and the provisions of the California Labor Code.

69.    At all relevant times, Defendants were aware of, and were under a duty to comply with, the overtime provisions of the California Labor Code, including, but not limited to, Cal. Lab. Code §§ 510, 1194 and 1198.

70.    By refusing to compensate Plaintiff and the California Class members for overtime wages earned, Defendants violated those California Labor Code provisions cited herein, as well as various IWC Wage Orders.

71.    As a result of Defendants' failure to pay overtime, Plaintiff and the members of the California Class were damaged in an amount to be proven at trial.

72.     Therefore, Plaintiff demands that he and the members of the California Class be paid overtime compensation as required by California Labor Law for every hour of overtime worked in any work week for which they were not compensated, plus interest and attorneys' fees as provided by law.

**THIRD CAUSE OF ACTION**
**Failure to Reimburse Expenses and/or Prohibited Cash Bond**
**(California Class)**

73.     Plaintiff incorporates by reference all of the allegations of all prior paragraphs as though fully set forth herein.

74.     During the Class Period, Defendants required Plaintiff and California Class members to pay additional sums to Defendants' other employees for the labor necessary to complete the job of Financial Advisor, as well as other normal business expenses of the Defendants.

75.     Thus, Plaintiff and the California Class had expenditures and losses which were incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer, which have not yet been reimbursed by Defendants.

76.     At all relevant times, Defendants were aware of and were under a duty to comply with various provisions of California Labor Code §§ 406 and 2802(a).

77.     California Labor Code § 2802(a) provides:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence

1
2
3

of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

4

78.  California Labor Code §406 provides:

5
6
7
8

Any property put up by an employee, or applicant as a part of the contract of employment, directly or indirectly, shall be deemed to be put up as a bond and is subject to the provisions of this article whether the property is put up on a note or as a loan or an investment and regardless of the wording of the agreement under which it is put up.

9
10

79.  By requiring Plaintiff and members of the California Class to incur

11

uncompensated expenses in direct consequence of the discharge of their duties,

12
13

Plaintiff and members of the California Class were forced and/or brought to

14

contribute to the capital and expenses of the Defendants' business which is legally a

15
16

cash bond and which must be refunded by Defendants to each California Class

17

member.

18
19

80.  California Labor Code §§ 2802 (b) and (c) provide for interest at the

20

statutory post judgment rate of 10% simple interest per annum from the date of the

21

expenditure plus attorneys' fees to collect reimbursement. *See* California Civil

22
23

Code § 3289.

24

81.  Therefore, Plaintiff demands reimbursement for expenditures or losses

25

incurred by the employee in direct consequence of the discharge of his or her duties,

26
27

or of his or her obedience to the directions of the employer, plus return of all cash

28

bonds or other coerced investments in the business of the employer, with interest at the statutory rate and attorneys' fees.

## FOURTH CAUSE OF ACTION
### Prohibited Wage Chargebacks
### (California Class)

82.    Plaintiff incorporates by reference all of the allegations of all prior paragraphs as though fully set forth herein.

83.    IWC Order 4-2001(8), 8 C.C.R. § 11040(8), states:

> No employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the gross negligence of the employee.

84.    Defendants charged back both commissions and the actual value of the stock losses allegedly caused by the employee through simple negligence or no fault of the employee at all.

85.    This is a species of cash shortages prohibited from being charged back.

86.    Defendants systematically underpaid its employees by holding back a significant portion of commissions for its own purposes to pay others, and then either paying the wages later than the time required under California Labor Code § 204 or simply not paying them at all.

87.    Defendants did not pay Plaintiff and California Class members all wages due as required by California Labor Code §204.

20

88.    Therefore, Plaintiff demands an accounting and payment of all wages due, plus interest provided under California Labor Code § 218.6 and attorneys' fees allowed by law.

## FIFTH CAUSE OF ACTION
**Failure to Provide Meal Periods and Rest Periods**
**(California Class)**

89.    Plaintiff incorporates by reference all of the allegations of all prior paragraphs as though fully set forth herein.

90.    At all relevant times, Defendants were aware of, and were under a duty to comply with, California Labor Code §§ 512 and 226.7.

91.    California Labor Code §512 provides:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.  An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

92.    Moreover, California Labor Code §226.7 provides:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial

21

Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

93.    IWC Order Nos. 7-2001(11) and (12) also mandate that employers provide all applicable meal periods and rest periods to their workers.

94.    By failing to consistently provide meal and rest periods to Plaintiff and the California Class members, Defendants violated these California Labor Code and IWC Wage Order provisions.

95.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the California Class members have sustained damages, including lost wages, and are entitled to recover such damages, penalties and attorneys' fees and costs under California law, in an amount to be established at trial.

## SIXTH CAUSE OF ACTION
### Failure to Pay Wages Upon Termination
### (California Class)

96.    Plaintiff incorporates by reference all of the allegations of all prior paragraphs as though fully set forth herein.

97.    California Labor Code §203 provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

22

98.    Plaintiff and numerous California Class members were employed by Defendants during the class period and were thereafter terminated or resigned from their positions, yet they were not paid all premium (overtime) wages due upon said termination or within seventy-two (72) hours of said resignation of employment therefrom. Said non-payment was the direct and proximate result of a willful refusal to do so by Defendants.

99.    More than thirty days has elapsed since Plaintiff and certain California Class members were terminated and/or resigned from Defendants' employ.

100.    As a direct and proximate result of Defendants' willful conduct in failing to pay said California Class members for all hours worked, Plaintiff and certain California Class members are entitled to recover "waiting time" penalties of thirty days' wages pursuant to California Labor Code § 203, in an amount to be established at trial, together with interest thereon and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and other members of the Federal Collective Group and the California Class defined herein, prays for judgment and relief as follows:

1.    An order certifying that the action may be maintained as a collective action and class action on behalf of the Federal Collective Group and the California Class, respectively;

23

2.      Compensatory damages at one and one half the regular rate of pay for all hours worked in excess of forty (40) per week in an amount to be proven at trial;

3.      Compensatory damages for improper deductions from compensation in an amount to be proven at trial;

4.      Compensatory damages for reimbursement for all employer related expenses;

5.      Compensatory damages stemming from Defendants' failure to provide meal periods and/or rest periods;

6.      "Waiting time" penalties of thirty days' wages pursuant to Cal. Lab. Code § 203 in an amount to be established at trial;

7.      Disgorgement of profits derived from Defendants' improper use of funds due and owed to Plaintiff and the members of the Federal Collective Group and the California Class;

8.      Reasonable attorneys' fees;

9.      Costs of this suit;

10.      Pre- and post-judgment interest; and

11.      Such other and further relief as the Court may deem necessary and appropriate.

# JURY DEMAND

Representative Plaintiff and the Plaintiff Classes hereby demand trial by jury on all issues triable of right by jury.

DATED: April 27, 2011

WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
FRANCIS M. GREGOREK
BETSY C. MANIFOLD
RACHELE R. RICKERT

BETSY C. MANIFOLD

Symphony Towers
750 B Street, Suite 2770
San Diego, CA 92101
Telephone:   619/239-4599
Facsimile:    619/234-4599
manifold@whafh.com

WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
JEFFREY G. SMITH
270 Madison Avenue
New York, New York 10016
Telephone: 212/545-4600
Facsimile: 212/545-4653

*Attorneys for Plaintiff*

UBS:18083v2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Consuelo B. Marshall and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV11- 3623 CBM (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division** | **[ ] Southern Division** | **[ ] Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

COPY

Name & Address:
Betsy C. Manifold
Wolf Haldenstein Adler Freeman & Herz LLP
750 B Street, Suite 2770
San Diego, CA 92101
619/239-4599

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Eliot Cohen, on Behalf of Himself and All Others Similarly Situated, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **CV11-03623** CBM(Cwx) |
| v. | |
| UBS Financial Services, Inc., UBS AG and John Does 1-50, | **SUMMONS** |
| DEFENDANT(S). | |

TO:    DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Betsy C. Manifold_____, whose address is _Wolf Haldenstein Adler Freeman & Herz LLP, 750 B St, Ste 2770, San Diego, CA 92101_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

JULIE PRADO

SEAL

Dated:    APR 2 7 2011
_____        By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

COPY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Eliot Cohen, on Behalf of Himself and All Others Similarly Situated

**DEFENDANTS**
UBS Financial Services, Inc., UBS AG and John Does 1-50

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Betsy C. Manifold
Wolf Haldenstein Adler Freeman & Herz LLP
750 B Street, Suite 2770, San Diego, CA 92101
619/239-4599

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. § 207. Failure to pay wages.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☑ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending |  | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty ☐ 540 Mandamus/ Other |  |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations |  | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability |  | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service |  | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations |  | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability |  | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION |  | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions |  |  | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land ☐ 245 Tort Product Liability |  |  |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property |  |  |  | ☐ 871 IRS-Third Party 26 USC 7609 |

## CV11-03623

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Eliot Cohen-Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | UBS Financial Services, Inc.-New York<br>UBS AG-Switzerland |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
<u>Note: In land condemnation cases, use the location of the tract of land involved</u>

X. SIGNATURE OF ATTORNEY (OR PRO PER): *Betsy C Manford*    Date April 27, 2011

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |