## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

ELIOT COHEN, CHARLES SHOEMAKER,
and PHILIP RICASATA, on behalf of
themselves and
all others similarly situated,

        Plaintiffs,

        v.

UBS FINANCIAL SERVICES, INC., UBS AG,

        Defendants.

Civ. No. 12-CIV-02147(BSJ)(JLC)

## DECLARATION OF CATHERINE REYNA

I, Catherine Reyna, hereby declare as follows:

1.      I am currently employed by Defendant UBS Financial Services Inc. ("UBSFS") as the Human Resources Business Partner for the geographical region of UBSFS's Wealth Management Advisor Group that encompasses branch offices located in California. I work in UBSFS's office located at 1000 Harbor Boulevard, Weehawken, New Jersey 07086 and submit this Declaration in support of Defendants' Motion to Compel Arbitration. I have personal knowledge of the facts set forth in this Declaration, or know them in my capacity as an employee based on corporate and employment records that UBSFS maintains in the regular course of its business, and if called to testify, could and would testify competently to them.

2.      Plaintiffs Eliot Cohen, Charles Shoemaker, Philip Ricasata, David Hale, and Stan Sklenar ("Plaintiffs") were each formerly employed by UBSFS as licensed Financial Advisors.

Their last dates of employment with UBSFS were October 5, 2007, November 4, 2010, January 8, 2010, August 29, 2008, and May 28, 2010, respectively.

3.     Attached to this Declaration as Exhibit 1 is a true and correct copy of UBSFS's 2007 Financial Advisor Compensation Plan.

4.     Attached to this Declaration as Exhibit 2 is a true and correct copy of UBSFS' 2008 Financial Advisor Compensation Plan.

5.     Attached to this Declaration as Exhibit 3 is a true and correct copy of UBSFS' 2009 Financial Advisor Compensation Plan.

6.     Attached to this Declaration as Exhibit 4 is a true and correct copy of UBSFS' 2010 Financial Advisor Compensation Plan.

7.     Attached to this Declaration as Exhibit 5 is a true and correct copy of Plaintiff Cohen's signed Acknowledgement of the 2007 Financial Advisor Compensation Plan.

8.     Attached to this Declaration as Exhibit 6 is a true and correct copy of Plaintiff Shoemaker's signed Acknowledgement of the 2007 Financial Advisor Compensation Plan.

9.     Attached to this Declaration as Exhibit 7 are true and correct copies of Plaintiff Ricasata's signed Acknowledgements of the 2007, 2008 and 2009 Financial Advisor Compensation Plans.

10.     Attached to this Declaration as Exhibit 8 is a true and correct copy of Plaintiff Sklenar's signed Acknowledgement of the 2007 Financial Advisor Compensation Plan.

11.     Attached to this Declaration as Exhibit 9 are true and correct copies of Plaintiff Hale's signed Acknowledgements of the 2007 and 2008 Financial Advisor Compensation Plans.

12.    Attached to this Declaration as Exhibit 10 are true and correct copies of the Employee Forgivable Loan, Promissory Note and Employee Forgivable Loan Letter of Understanding signed by Plaintiff Cohen on September 26, 2000.

13.    Attached to this Declaration as Exhibit 11 are true and correct copies of the Employee Forgivable Loan, Promissory Note and Employee Forgivable Loan Letter of Understanding signed by Plaintiff Shoemaker on August 11, 2005.

14.    Attached to this Declaration as Exhibit 12 are true and correct copies of the Employee Forgivable Loan, Promissory Note and Employee Forgivable Loan Letter of Understanding signed by Plaintiff Shoemaker on October 11, 2007.

15.    Attached to this Declaration as Exhibit 13 are true and correct copies of the Promissory Note and Employee Forgivable Loan Letter of Understanding signed by Plaintiff Sklenar on July 31, 2006.

16.    Attached to this Declaration as Exhibit 14 are true and correct copies of the Promissory Note and Employee Forgivable Loan Letter of Understanding signed by Plaintiff Hale on September 15, 2006.

17.    Attached to this Declaration as Exhibit 15 is a true and correct copy of the FA/PWA Partnering Agreement signed by Plaintiff Ricasata on October 26, 2009.

18.    Attached to this Declaration as Exhibits 16 and 17 are true and correct copies of Financial Advisor Account Reassignment Agreements entered into by Plaintiff Ricasata on August 7, 2008 and December 30, 2009.  Plaintiff Ricasata agreed to the terms of these Account Reassignment Agreements by electronic signature on those dates.

19.    Attached to this Declaration as Exhibits 18 and 19 are true and correct copies of Financial Advisor Account Reassignment Agreements entered into by Plaintiff Shoemaker on

December 17, 2008 and March 8, 2010. Plaintiff Shoemaker agreed to the terms of these Account Reassignment Agreements by electronic signature on those dates.

20.     Attached to this Declaration as Exhibits 20 and 21 are true and correct copies of the Financial Advisor Account Reassignment Agreements entered into by Plaintiff Sklenar on May 21, 2009 and December 21, 2009. Plaintiff Sklenar agreed to the terms of these Account Reassignment Agreements by electronic signature on those dates.

21.     As licensed Financial Advisors, Plaintiffs were each registered with the Financial Industry Regulatory Authority, Inc. ("FINRA"). FINRA publishes BrokerCheck Reports for all registered Financial Advisors which include, *inter alia*, the Financial Advisor's registration and employment history, including dates of registration and employment at each firm the Financial Advisor worked for. This information is publicly available on FINRA's website (finra.org).

22.     Plaintiff Cohen's publicly available registration and employment history with FINRA shows that his registration and employment as a Financial Advisor with UBSFS ended in October 2007. Attached to this Declaration as Exhibit 22 is a true and correct copy of excerpts from Plaintiff Cohen's FINRA BrokerCheck Report.

23.     Plaintiff Shoemaker's publicly available registration and employment history with FINRA shows that his registration and employment as a Financial Advisor with UBSFS ended on November 4, 2007. Attached to this Declaration as Exhibit 23 is a true and correct copy of excerpts from Plaintiff Shoemaker's FINRA BrokerCheck Report. Attached to this Declaration as Exhibit 24 is a true and correct copy of the FINRA Form U5 Uniform Termination Notice for Securities Industry Regulation for Plaintiff Shoemaker that was filed with FINRA by UBSFS on November 11, 2010.

24.     Attached to this Declaration as Exhibit 25 is a true and correct copy of excerpts from Plaintiff Ricasata's FINRA BrokerCheck Report.

25.     Attached to this Declaration as Exhibit 26 is a true and correct copy of Plaintiff Sklenar's FINRA BrokerCheck Report.

26.     Attached to this Declaration as Exhibit 27 is a true and correct copy of excerpts from Plaintiff Hale's FINRA BrokerCheck Report.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing information is true and correct.

Dated: May 3, 2012

By: _____
CATHERINE REYNA