UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                              :

ELIOT COHEN, *et al*.,                  :
                          Plaintiffs,    :

                               :          12 Civ. 02147 (LGS)

          -against-            :

                               :         OPINION AND ORDER

UBS FINANCIAL SERVICES, INC., *et al*.,  :
                      Defendants.  :

                               :
------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/22/14_

LORNA G. SCHOFIELD, District Judge:

      Before the Court is Plaintiffs' Motion for Relief from Order Granting Motion to Compel Arbitration.  For the reasons stated below, Plaintiffs' motion is denied in its entirety.

## BACKGROUND

      On April 27, 2011, Plaintiffs, financial advisors employed by Defendant UBS Financial Services, Inc., commenced the instant action against Defendants UBS Financial Services, Inc. and UBS AG ("UBS") for violations of the Fair Labor Standards Act and California state laws. Plaintiffs brought the suit as a putative class and collective action on behalf of themselves and others similarly situated.  On May 3, 2012, Defendants filed a motion to compel arbitration.

      On December 4, 2012, District Judge Barbara S. Jones granted Defendants' motion and stayed the case pending arbitration.  *Cohen v. UBS Fin. Servs., Inc.*, No. 12 Civ. 2147, 2012 WL 6041634 (S.D.N.Y. Dec. 4, 2012).  In that decision (the "December 4 Opinion"), Judge Jones enforced the agreement between UBS and its employee financial advisors that any disputes between them would be resolved by arbitration in individual actions.  She rejected Plaintiffs' argument that the class and collective action waiver in the arbitration agreement violated Financial Industry Regulatory Authority ("FINRA") rules governing arbitration for financial advisors like Plaintiffs, holding that "there is nothing within the FINRA rules which would

preclude enforcement of the arbitration agreements between the parties." *Id.* at *2-3.

On July 3, 2013, Plaintiffs filed the instant motion for reconsideration of the December 4 Opinion under Rules 54(b), 60(b)(6) and 60(c)(1) of the Federal Rules of Civil Procedure. Plaintiffs argue that a February 2013 decision by a FINRA disciplinary hearing panel (the "Disciplinary Panel" or "Panel"), *Dep't of Enforcement v. Charles Schwab & Co., Inc.*, No. 2011029760201, 2013 WL 1463100 (FINRA Feb. 21, 2013), "constitutes new evidence or an intervening change in law . . . demonstrating that Judge Jones' holding to the contrary was an error of law and, if allowed to stand, would work a manifest injustice." In the *Schwab* ruling, the Disciplinary Panel concluded that the Schwab class and collective action waiver in its customer arbitration agreement violated the FINRA Rules, but held that the waiver nevertheless was enforceable under the Federal Arbitration Act (the "FAA").

**STANDARD**

Rule 54(b) authorizes courts to revise "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Under Rule 54(b), such decisions are

> treat[ed] . . . as law of the case, which gives a district court discretion to revisit earlier rulings in the same case, subject to the caveat that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again."

*Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (quoting *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir. 1964)). "Thus, those decisions may not usually be changed unless there is 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" *Id.* (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d

1245, 1255 (2d Cir. 1992)).  Moreover, "[i]t is not enough . . . that defendants could now make a more persuasive argument . . . ." *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir. 1981) (citations omitted).  "The law of the case will be disregarded only when the court has 'a clear conviction of error' with respect to a point of law on which its previous decision was predicated . . . ." *Id.* (quoting *Zdanok*, 327 F.2d at 953).

Rule 60(b) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for certain enumerated reasons, including "(6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  The catch-all provision is "'properly invoked where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship [.]'"  *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 56 (2d Cir. 2004) (alteration in original) (quoting *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir.1986), *cert. denied*, 480 U.S. 908 (1987)); *see also Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) ("Rule 60(b) [is] a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." (internal quotation marks omitted)).  "However, it is well settled that a change in decisional law is not grounds for relief under Rule 60(b)(6)." *Travelers Indem. Co. v. Sarkisian*, 794 F.2d 754, 757 (2d Cir. 1986); *see also Marrero Pichardo*, 374 F.3d at 56.  Rule 60(b) motions must be filed "within a reasonable time."  Fed. R. Civ. P. 60(c)(1).

Local Rule 6.3 provides that "a notice of motion for reconsideration or reargument of a court order determining a motion shall . . . set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked," and must be served within 14 days of the Court's determination of the original motion.  S.D.N.Y. Local Civ. R. 6.3.  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the

moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways*, 956 F.2d at 1255 (internal quotation marks omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

**DISCUSSION**

### A.    Timeliness

At the outset, the Court notes the substantial delay in Plaintiffs' filing of this motion, which comes seven months after the December 4 Opinion and more than four months after the FINRA Disciplinary Panel decision in *Schwab*. By either count, far more time has elapsed than the 14 days provided by Local Rule 6.3 for motions for reconsideration or reargument. Plaintiff provides no justification or excuse for the delay, and the Court finds that the Rule 60(b)(6) motion was not made "within a reasonable time."[1] Fed. R. Civ. P. 60(c)(1). Nevertheless, in light of the language in Rule 54 providing that any order subject to the Rule "may be revised at any time before the entry of a judgment," the Court will address Plaintiffs' Rule 54(b) argument on the merits.

### B.    Rule 54(b)

Plaintiffs make four arguments in their moving papers. First, Plaintiffs challenge Judge Jones's holding in the December 4 Opinion that the class and collective action waiver in the

---

[1] Plaintiffs contend that Rule 60 allows them to bring a motion thereunder within a year of the entry of the order from which they seek relief. As Rule 60(c)(1) clearly states, however, the one-year period applies only to motions made under one of the first three enumerated reasons in Rule 60(b) – mistake, new evidence, or fraud. Fed. R. Civ. P. 60(c)(1). Because Plaintiffs invoke only Rule 60(b)(6) here, the one-year period is inapplicable.

arbitration agreement between the parties did not violate the FINRA Rules.  Second, Plaintiffs

contend that the FINRA Rules violation renders the waiver void under Section 29(a) of the

Exchange Act.  Third, Plaintiffs argue that the applicable FINRA rules do not conflict with the

FAA.  Finally, Plaintiffs argue that the waiver is unenforceable because it is inconsistent with

another provision of the arbitration agreement and with Defendants' agreement with FINRA.

      With the exception of the *Schwab* decision, the relevance of which is limited to the

question of whether the waiver violated the FINRA Rules, Plaintiffs' arguments were raised or

should have been raised in their response to Defendants' Motion to Compel.  Having already had

an opportunity to "battle[] for the court's decision," Plaintiffs should not now be "permitted[] to

battle for it again."  *Color Tile*, 322 F.3d at 167; *cf. Wechsler v. Hunt Health Sys., Ltd.*, No. 94

Civ. 8294, 2004 WL 2210261, at *2 (S.D.N.Y. Sept. 30, 2004) ("A party seeking reconsideration

is not supposed to treat the court's initial decision as the opening of a dialogue in which that

party may then use such a motion to advance new theories or adduce new evidence in response

to the court's rulings." (internal quotation marks and citation omitted)).  Moreover, Plaintiffs'

second, third and fourth arguments do not present the Court with "an intervening change of

controlling law, the availability of new evidence, or the need to correct a clear error or prevent a

manifest injustice," which the Second Circuit found to be the usual bases for revision under Rule

54(b).  *Color Tile*, 322 F.3d at 167.  Consequently, the Court declines to consider them.

      Plaintiffs argue that the *Schwab* decision constitutes "new evidence or an intervening

change in law" warranting a revision of the December 4 Opinion under Rule 54(b).  First, the

*Schwab* decision is not "evidence," as it does not change or add to the facts in this case.  *See* Fed.

R. Evid. 401 ("Evidence is relevant if . . . it has any tendency to make a *fact* more or less

probable than it would be without the evidence." (emphasis added)); *cf. Stevens v. United States*,

No. 96 Civ. 9230, 2003 WL 22416149 (S.D.N.Y. Oct. 22, 2003) (holding, in the Rule 60(b) context, that a favorable decision in a another case could not be considered "evidence").

Neither can the *Schwab* decision be considered an "intervening change in controlling law." First, although the FINRA Disciplinary Panel found that the class action waiver in the Schwab customer agreement violated FINRA rules, it ultimately held that those rules were unenforceable as contrary to the FAA, and that the waiver was therefore valid. *Schwab*, 2013 WL 1463100, at *1, *19. Thus, the Panel's finding that the waiver had violated FINRA rules is mere dicta, and the Panel's ultimate holding supports the outcome in this case. The Disciplinary Panel's decision cannot support a finding that the December 4 Opinion had a "clear conviction of error" necessitating revision under Rule 54(b). *Fogel*, 668 F.2d at 109.

Second, even if the Panel's conclusion about the violation of the FINRA Rules were to be given controlling weight, it is inapplicable to the question currently before this Court. The *Schwab* decision concerned waivers in customer-industry agreements, while this case concerns waivers in intra-industry (i.e., employment) agreements. The rule that the Disciplinary Panel found Charles Schwab's waiver to have violated is Rule 2268(d), *Schwab*, 2013 WL 1463100, at *13, which governs "Predispute Arbitration Agreements for Customer Accounts." FINRA R. 2268. Plaintiffs do not contend that a counterpart exists for intra-industry agreements, or that Rule 2268(d) directly applies to industry agreements. The Disciplinary Panel itself specifically distinguished this Court's December 4 Opinion on the ground that its holding relates to intra-industry disputes and therefore "does not apply to customer-industry disputes." *Schwab*, 2013 WL 1463100, at *13 n.58. Thus, the Disciplinary Panel's determination on the FINRA Rules does not compel the result that Plaintiffs seek, and cannot be considered controlling here.

Because the Court finds no intervening change in controlling law or new evidence, the

December 4 Opinion stands as law of the case.  Plaintiffs' motion for revision of the December 4 Opinion under Rule 54(b) is denied.

### C.     Rule 60(b)

Although Plaintiffs' failure to file the Rule 60(b) motion "within a reasonable time" is itself a sufficient ground for denial, Fed. R. Civ. P. 60(c)(1), it is also worth noting that Rule 60(b) is inapplicable here because the December 4 Opinion was not a "final judgment, order, or proceeding."  Fed. R. Civ. P. 60(b).  *See Usinor Steel Corp. v. M/V Konigsborg*, No. 03 Civ. 4301, 2004 WL 230910, at *3 (S.D.N.Y. Feb. 6, 2004) (holding that a stay during arbitration "is not appealable as a final order") (citing *Salim Oleochemicals v. M/V Shropshire*, 278 F.3d 90, 93 (2d Cir. 2002)).  Moreover, Plaintiffs have failed to demonstrate the presence of any "extraordinary circumstances" warranting Rule 60(b)(6) relief.  *Marrero Pichardo*, 374 F.3d at 55-56.  Finally, even if the *Schwab* decision were a shift in controlling law (which it is not, as discussed above), "a change in decisional law is not grounds for relief under Rule 60(b)(6)." *Travelers Indem. Co.*, 794 F.2d at 757.

### CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Relief is hereby DENIED in its entirety. The Clerk of Court is directed to close the motion at Docket Number 93.

SO ORDERED.

Dated: January 22, 2014
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE